
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–16–123

| | |
|---|---|
| CECIL CONLEY **APPELLANT** | **Opinion Delivered** May 18, 2016 |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. JV-2014-483-3] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD, R.C. **APPELLEES** | HONORABLE STACEY A. ZIMMERMAN, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BART F. VIRDEN, Judge

On November 24, 2015, the Washington County Circuit Court entered an order terminating Cecil Conley's parental rights to his daughter, R.C. (born 10/01/12). Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6–9(i) (2015), Conley's counsel has filed a no-merit brief and a motion to withdraw alleging that there are no meritorious grounds for appeal. Conley was given an opportunity to file pro se points for reversal but declined to do so. We affirm the termination and grant the motion to withdraw.

The Department of Human Services (the Department) initiated the case on July 17, 2014, with the filing of a petition for emergency custody and dependency-neglect. R.C. was placed into the Department's custody pursuant to an emergency order.

The child was adjudicated dependent-neglected due to parental unfitness and neglect.

The court set a goal of reunification and ordered Conley to cooperate with the Department, to attend supervised visitation twice a week (when he was no longer incarcerated) to attend the staffing, to notify the Department of his home address and phone number, to refrain from drug use, to submit to drug screening, to maintain stable housing and work, to demonstrate the ability to keep the child safe, to take appropriate steps to resolve the paternity issue, to resolve criminal charges, to follow the case plan, and to pay child support.

The Department sought termination of Conley's parental rights through a petition filed on June 18, 2015, alleging that termination was in R.C.'s best interest, and that Conley was unfit under three grounds: (1) Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(a)(Repl. 2015), which allows for termination if, essentially, the child has been adjudicated dependent–neglected, has remained out of the home in excess of twelve months, and the conditions that brought the child into care had not been corrected despite the offer of meaningful services by the Department; (2) Arkansas Code Annotated section 9-27-341(b)(3)(B)(vii)(a), that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent would be contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the circumstances that prevent the placement of the juvenile in the custody of the parent; and (3) Arkansas Code Annotated section 9-27-341(b)(3)(B)(ii)(a), the juvenile has lived outside the home of the parent for a period of twelve months, and the parent has willfully failed to provide significant material support in

accordance with the parent's means or to maintain meaningful contact with the juvenile.

The termination hearing was held on October 30, 2015. During the pendency of the case, Conley had attended two rounds of substance-abuse counseling, but had continued to test positive for drugs, though he denied using drugs and denied that he had a drug problem. At the time of the hearing, Conley was incarcerated on drug-related charges. Conley admitted at the hearing that he had not paid child support as he had been ordered to do and that he had not attended all of his scheduled visitations. At the conclusion of the hearing, the Department made the request that the petition for termination be amended to conform with the evidence put on at the hearing, namely that Conley had been sentenced to thirty-six months in the Arkansas Department of Correction for possession of methamphetamine and that the sentence constituted a significant amount of time in the child's life. No objection was made to the request.

The circuit court found that it was in the child's best interest to terminate parental rights, considering the likelihood that she would be adopted and the potential harm caused by returning her to Conley's custody. The circuit court also found four statutory grounds for termination: the three listed in the Department's petition for termination and Arkansas Code Annotated section 9-27-341(b)(3)(B)(viii), based on Conley's sentence in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life. The circuit court granted the petition on November 24, 2015.[1]

---

[1] Because only one statutory ground is necessary for termination, we need not discuss any possible error by the circuit court in terminating Conley's parental rights based on a ground that was not pled in the petition for termination. *See Tankersley v. Ark. Dep't of Human*

SLIP OPINION

In compliance with *Linker-Flores* and Rule 6–9(i), Conley's counsel has examined the record for adverse rulings and has adequately discussed why there is no arguable merit to an appeal of the decision to terminate Conley's parental rights, noting that there were several adverse rulings and objections. After carefully examining the record and the no-merit brief, we hold that Conley's counsel has complied with the requirements for a no-merit parental-rights-termination appeal and that the appeal is wholly without merit. We therefore affirm the termination of Conley's parental rights to R.C. by memorandum opinion, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985), and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

GRUBER and VAUGHT, JJ., agree.

*Tabitha B. McNulty*, Arkansas Public Defender Commission, for appellant.

No response.

---

*Servs.*, 2012 Ark. App. 109, at 8, 389 S.W.3d 96, 100.